Steven E. Young, Esq. (State Bar No.63278)
syoung@tocounsel.com
Amy E. Burke, Esq. (State Bar No.276699)
aburke@tocounsel.com
THEODORA ORINGHER PC
1840 Century Park East, Suite 500
Los Angeles, California 90067-2120
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Attorneys for Plaintiff Tyrrell Promotions, Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TYRRELL PROMOTIONS, LTD. a United Kingdom company,<br><br>Plaintiff,<br><br>vs.<br><br>HOMAGE CARS, INC., a Michigan corporation; JEREMY SUTTON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-CV-7521<br><br>**COMPLAINT FOR:**<br><br>1. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114;**<br>2. **TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a);**<br>3. **VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200; and**<br>4. **DECLARATORY RELIEF**<br><br><u>**JURY TRIAL DEMANDED**</u> |

1133508.3/22677.24002

*COMPLAINT*

Plaintiff Tyrrell Promotions, Ltd. ("Plaintiff") alleges against Defendants Homage Cars, Inc. ("Homage"), Jeremy Sutton, and Does 1 through 10 (collectively, "Defendants") as follows:

## THE PARTIES

1. Plaintiff is a company organized and existing under the laws of the United Kingdom.

2. Plaintiff is informed and believes that Homage is a Michigan corporation with its principal place of business in Oakland County, Michigan.

3. Plaintiff is informed and believe that Sutton is a resident of Michigan. On information and belief, Sutton is the President of Homage.

4. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10 are unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names, identities and capacities of such Defendants when they have been ascertained. Plaintiff is informed and believes, and on that basis alleges, that these Defendants are responsible in some manner for the events alleged in this Complaint.

5. Plaintiff is informed and believes, and on that basis alleges, that that at all times mentioned in this Complaint, each of the Defendants was and is the agent, servant, and employee of each of the other Defendants, and all of the things alleged to have been done by each Defendant were done in the capacity, scope, and course of said agency, servitude, and employment.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendants Homage and Sutton are alter egos of one another. There is such a unity of interest and ownership between Homage and Sutton that the separation of the corporation and the individual no longer exists, and it would sanction a fraud or promote injustice to maintain the fiction of separation.

## JURISDICTION AND VENUE

7. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and a related state-law cause of action. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) because a substantial part of the events giving rise to Plaintiff's claims have caused harm to Plaintiff in this District. This Court has personal jurisdiction over Defendant because Defendant conducts business in this District.

## GENERAL ALLEGATIONS

A. **The Tyrrell Legacy**

9. The late Kenneth ("Ken") Tyrrell founded the Tyrrell Racing Organisation Limited ("TRO") in 1964. In 1968, TRO entered the international Formula One racing circuit. TRO's first entry into Formula One was with Jackie Stewart, who won all his world titles with Tyrrell. TRO's accolades include three World Drivers' Championships, two World Constructors' titles, and thirty-two individual Grand Prix events.

10. In 1970, TRO became a Formula One constructor, designing, manufacturing, and racing its own Tyrrell chassis under the name TYRRELL. The Tyrrell team established and maintained a reputation for technical innovation and excellence.

11. TRO remained a family-owned business until November 1997, when it was acquired by British American Racing Holdings Limited. British American used the TYRRELL name until the end of 1998, and then assigned all rights in the TYRRELL trademarks and registrations to Plaintiff in 1999.

12. During the time that the Tyrrell family owned and managed the Tyrrell team, the principal source of income (aside from entrant and prize monies)

was derived from sponsorship and licensing activities. Third party licensees sought to associate themselves with the TYRRELL brand.

13. The distinctive TYRRELL logo was created in 1970. An image of a Tyrrell team car with the TYRRELL logo is shown below.



14. In 1974, Robert ("Bob") Tyrrell (son of founder Ken Tyrrell) began working for TRO as a full-time employee to create, market, and license TYRRELL branded products. Since 1999, Plaintiff has operated exclusively as a licensing business, which is its sole source of income. Licenses have been granted in the United States and around the world for clothing, toys, scale models, automobile racing, and related motorsports activities.

15. All of the Plaintiff's primary licensees in the United States, past and present, have been and are based in California, including toy, scale model, and clothing manufacturers, as well as an individual engaged in automobile racing activities under the TYRRELL brand, and using the stylized TYRRELL logo and trademark, pursuant to verbal license granted in 2003, and a written license granted in 2009 and periodically renewed until the present date.

**B.  The Tyrrell Trademarks**

16. Plaintiff owns three federal trademark registrations for TYRRELL: Registration Number 2429016 in Class 28 for toys, 4012322 in Class 28 for toys, and 4585185 in Classes 25 and 26 for clothing and cloth patches.

17. Plaintiff owns common-law trademark rights in the mark TYRRELL used for automobile racing, which has been in use in commerce in the United States since at least as early as 2003.

18. Plaintiff also owns trademark registrations for TYRRELL in the European Union, Germany, Hong Kong, China, Taiwan, Canada, Brazil, Argentina, and Mexico.

### C. Defendants' Recognition of Plaintiff's IP Rights and Request for a License from Plaintiff

19. On or about June 26, 2018, Defendant Sutton sent an email to Bob Tyrrell to request a license from Plaintiff to use the TYRRELL trademark with automobiles.

20. Sutton stated that he was the managing director of Homage and that he was "spearheading [manufacturing] a new brand focused on track cars for motorsports enthusiasts." Sutton claimed that he and his company planned to sell 20 to 40 cars per year to a global audience.

21. Sutton acknowledged Tyrrell's legacy, claiming that Ken Tyrrell inspired him to become an engineer. Sutton also acknowledged Tyrrell's ownership of the TYRRELL trademark, stating: "this is about honoring Ken's legacy if we were able to use the Tyrrell brand," and referring to TYRRELL as "your trademark."

22. Plaintiff indicated to Sutton that it was unlikely that Plaintiff would be able to work with Defendants on the proposed project, but agreed to discuss the matter further.

23. On July 4, 2018, Sutton sent an email to Plaintiff suggesting that Defendants "would bring the car to market in the US, meaning that [Defendants] could own the US trademark. When Plaintiff asked for clarification, Sutton responded that the trademark was "available in the US for vehicles," and that if the parties moved forward with the licensing deal, Defendants "would take on the

registration in the US…" Plaintiff immediately responded that Defendants would not be entitled to register the TYRRELL mark in the US without Plaintiff's written permission. Sutton eventually responded that Defendants would "pursue a different brand" if the parties were not in "global alignment."

### E. Defendants' Unlawful Actions

24. Unbeknownst to Plaintiff, Homage had already filed a federal trademark application for TYRRELL for use with automobiles on June 22, 2018— *before* requesting a license from Plaintiff. Homage claims to have first used the TYRRELL mark in commerce with automobiles as early as June 16, 2018.

25. Homage submitted a specimen to the US Patent and Trademark Office purportedly showing the TYRRELL mark in use on automobiles. The submitted specimen consists of a web page that includes the below image and states "Tyrrell Variant Now On Sale For $149,000." Incredibly, the TYRRELL logo shown in Defendants' specimen is identical to Plaintiff's logo.



26. On July 18, 2018, Plaintiff's counsel sent a cease and desist letter to Defendants, demanding that Homage expressly abandon the pending trademark application for TYRRELL and immediately cease all use of the TYRRELL trademark.

27. After several email exchanges with Plaintiff's counsel, Defendants agreed to expressly abandon their federal trademark application for TYRRELL. However, to date, Defendants have not done so.

28. Defendants' infringing use of the TYRRELL mark is likely to cause confusion among consumers, leading them to believe the falsehood that Plaintiff made, sponsored, or endorsed the infringing goods.

29. Defendants' willful misappropriation of the TYRRELL mark is likely to cause significant harm to Plaintiff and goodwill in Plaintiff's TYRRELL brand.

## FIRST CLAIM FOR RELIEF

(Trademark Infringement, 15 U.S.C. § 1114)

30. Plaintiff incorporates by reference Paragraphs 1 through 29 above as though fully set forth herein.

31. Defendants' copying and unauthorized use in commerce of the TYRRELL mark is likely to cause confusion or mistake, or to deceive consumers by leading them to believe the falsehood that Plaintiff made, sponsored, or endorsed Defendants' products.

32. Defendants' copying and unauthorized use of the TYRRELL mark will cause irreparable injury to Plaintiff, including injury to the goodwill associated with the TYRRELL mark.

33. Defendants have infringed Plaintiff's federally registered trademarks, and have violated and continue to violate 15 U.S.C. § 1114.

34. Plaintiff has no adequate remedy at law for these injuries. Unless Defendants are enjoined from continuing their infringing and unlawful conduct, Plaintiff will continue to suffer harm. Plaintiff seeks an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants from continuing to infringe the TYRRELL mark.

35. Plaintiff is entitled to recover from Defendants the damages it has and will sustain, and any profits unfairly obtained by Defendants as a result of Defendants' infringement alleged herein.

36. Because Defendants' infringement of the TYRRELL mark is willful, Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1117.

37. This is an exceptional case under 15 U.S.C. § 1117, and Plaintiff is therefore entitled to its reasonable attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

(Trademark Infringement, 15 U.S.C. § 1125(a))

38. Plaintiff incorporates by reference Paragraphs 1 through 37 above as though fully set forth herein.

39. Defendants' copying and unauthorized use in commerce of the TYRRELL mark is likely to cause confusion or mistake, or to deceive consumers by leading them to believe the falsehood that Plaintiff made, sponsored, or endorsed Defendants' products.

40. Defendants' copying and unauthorized use of the TYRRELL mark will cause irreparable injury to Plaintiff, including injury to the goodwill associated with the TYRRELL mark.

41. Defendants have infringed Plaintiff's TYRRELL trademark, and have violated and continue to violate 15 U.S.C. § 1125(a).

42. Plaintiff has no adequate remedy at law for these injuries. Unless Defendants are enjoined from continuing their infringing and unlawful conduct, Plaintiff will continue to suffer harm. Plaintiff seeks an injunction pursuant to 15 U.S.C. § 1116 restraining Defendants from continuing to infringe the TYRRELL mark.

43. Plaintiff is entitled to recover from Defendants the damages it has and will sustain, and any profits unfairly obtained by Defendants as a result of Defendants' infringement alleged herein.

44. Because Defendants' infringement of the TYRRELL mark is willful, Plaintiff is entitled to treble damages pursuant to 15 U.S.C. § 1117.

45. This is an exceptional case under 15 U.S.C. § 1117, and Plaintiff is therefore entitled to its reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

(Unfair Competition, Cal. Bus. Prof. Code § 17200 *et seq.*)

46. Plaintiff incorporates by reference Paragraphs 1 through 45 above as though fully set forth herein.

47. Plaintiff is informed and believes that Defendants directly compete with Plaintiff.

48. Defendants' acts of trademark infringement and unfair competition violate of California Business & Professions Code § 17200 *et seq.*

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered injury in fact.

50. Defendants' unlawful acts have proximately caused and will continue to cause Plaintiff imminent and irreparable harm, including lost revenue. Plaintiff has no adequate remedy at law for these substantial damages.

51. Plaintiff is entitled to disgorge Defendants' profits pursuant to Business & Professions Code § 17203.

52. Plaintiff is further entitled to a preliminary and permanent injunction restraining Defendants from engaging in further unlawful conduct pursuant to Business & Professions Code § 17203.

### FOURTH CLAIM FOR RELIEF

(Declaratory Relief)

53. Plaintiff incorporates by reference Paragraphs 1 through 52 above as though fully set forth herein.

54. Plaintiff seeks a declaration that Defendants infringed Plaintiff's registered trademarks in violation of 15 U.S.C. § 1114; Defendants infringed

1 | Plaintiff's common law trademarks in violation of 15 U.S.C. § 1125(a);
2 | Defendants' infringement of Plaintiff's trademarks was willful; and Defendants
3 | engaged in unfair competition in violation of California Business & Professions
4 | Code § 17200 *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court enter a judgment determining and declaring that:

   a. Defendants infringed Plaintiff's registered trademarks in violation of 15 U.S.C. § 1114;

   b. Defendants infringed Plaintiff's common law trademarks in violation of 15 U.S.C. § 1125(a);

   c. Defendants' infringement of Plaintiff's trademarks was willful; and

   d. Defendants engaged in unfair competition in violation of California Business & Professions Code § 17200 *et seq.*;

2. That the Court issue an injunction as follows:

   a. Restricting Defendants and their agents, employees, parents, subsidiaries, successors, and assigns from directly or indirectly displaying, manufacturing, advertising, offering to sell, selling, or distributing automobiles or related goods or services under the mark TYRRELL or any mark that is confusingly similar thereto; and

   b. Requiring Defendants to destroy, delete, or otherwise disable access to all works that infringe Plaintiffs' trademarks;

3. That Plaintiff be awarded its actual damages resulting from Defendant's trademark infringement and unfair competition;

4. That Plaintiff be awarded all profits resulting from Defendant's trademark infringement and unfair competition;

5. That Plaintiff be awarded its reasonable attorneys' fees;

6. That Plaintiff be awarded its costs of suit; and

7. For such other or further relief as the Court may deem just and proper.

DATED: August 2, 2018        THEODORA ORINGHER PC

By: _____
Steven E. Young
Amy E. Burke
Attorneys for Plaintiff Tyrrell Promotions Ltd.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

DATED: August 2, 2018        THEODORA ORINGHER PC

By: _____
Steven E. Young
Amy E. Burke
Attorneys for Plaintiff Tyrrell Promotions Ltd.